IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTHONY L. JONES,

                              Plaintiff,

        v.                                                          ORDER

LUDWIG, CANDACE WHITMAN,                                  18-cv-907-jdp
and J. LABELLE,

                    Defendants.

Plaintiff Anthony L. Jones, appearing pro se, is a prisoner at Fox Lake Correctional Institution. Jones alleges that prison officials failed to provide him adequate treatment for medical problems he developed from the prison's water. Jones has filed a motion for appointment for counsel, stating that the case will involve complex issues and that his imprisonment will hinder his ability to litigate the case. Dkt. 27.

Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To show that it is appropriate for the court to recruit counsel, a plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. The financial information that Jones has submitted is sufficient to meet this requirement.

Second, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain

counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Jones has submitted correspondence showing that he has contacted several law firms, so he meets this requirement.

Third, this court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

I will deny Jones's motion because I am not yet convinced that this case is one requiring the assistance of counsel. As I have previously stated, given the resources that the court and the pro bono fund have already expended with finding counsel and paying two court-appointed experts, I will not consider recruiting new counsel to represent any of the individual plaintiffs proceeding with cases related to the FLCI water unless they present extraordinary circumstances regarding their ability to litigate a case, or a case survives summary judgment and is headed to trial. Here, it is far too early to tell whether the case will truly boil down to issues that are too complex for Jones to handle. And nothing in Jones's submissions suggest that he will have a more difficult time litigating his case than the hundreds of other prisoners who bring civil rights cases in this court each year.

I will deny Jones's motion without prejudice, which means that he can renew his motion if he continues to believe that he is unable to litigate the suit himself. But if he refiles his motion, he will have to explain what specific litigation tasks he cannot perform himself. Soon

the court will hold a telephonic preliminary pretrial conference, at which Magistrate Judge Stephen Crocker will explain the schedule and discuss some of the procedures that the parties will use to litigate the case. If Jones has questions about court procedure, he may ask them then.

ORDER

IT IS ORDERED that plaintiff Anthony L. Jones's motion for the court's assistance in recruiting him counsel, Dkt. 27, is DENIED without prejudice.

Entered November 10, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge